LAW OFFICE OF
**ROBERT L. KEOGH**
POST OFFICE BOX GZ
HAGATÑA, GUAM 96932
TELEPHONE (671) 472-6895

Attorneys for Plaintiffs



FILED
DISTRICT COURT OF GUAM
MAR 13 2012
JEANNE G. QUINATA
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| DOLORES I. GABRILLO and RUDOLFO GABRILLO,<br><br>Plaintiffs,<br><br>vs.<br><br>ONWARD BEACH RESORT GUAM, INC. dba ONWARD BEACH RESORT and TOKIO MARINE PACIFIC INSURANCE LIMITED,<br><br>Defendants. | CIVIL CASE NO. CIV 12-00002<br><br><br><br>COMPLAINT |

## INTRODUCTION

1. This is an action for personal injury and loss of consortium brought by plaintiffs for the injuries sustained by plaintiff Dolores Gabrillo as a result of an accident at the premises of the Onward Beach Resort Guam, Inc. doing business as Onward Beach Resort caused by the negligence of defendant Onward Beach Resort in the operation and maintenance of its premises.

## JURISDICTION

2. This court has jurisdiction pursuant to the provisions of 28 U.S.C. §1332.

**PARTIES**

3.  Plaintiffs Dolores Gabrillo and Rudolfo Gabrillo are adult individuals, wife and husband and are residents of the State of Hawaii.

4.  On information and belief, defendant Onward Beach Resort Guam, Inc. (hereinafter "Onward") is a Guam corporation duly licensed to do business on Guam and is doing business as Onward Beach Resort.

5.  Defendant Tokio Marine Pacific Insurance Limited (hereinafter "Tokio Marine") is an insurance company licensed to do business on Guam.

**FACTS**

6.  At all relevant times herein, the defendant Onward owned, operated and maintained the premises of Onward Beach Resort in Tamuning, Guam.

7.  On September 30, 2010, plaintiff Dolores Gabrillo approached the entrance of Onward as an invitee or patron. As she did, she slipped and fell and sustained serious bodily injuries.

8.  Defendant Onward had a duty to exercise due care in the operation and maintenance of its premises so as not to expose its

COMPLAINT
Gabrillo v. Onward Beach Resort Guam, Inc. et. al.
Page 3

patrons to an unreasonable risk of harm. At the time and place set forth above, defendant Onward breached this duty in the following ways:

    a. Defendant did not conduct a regular inspection of its premises to identify possible hazards posed to unsuspecting patrons.

    b. Defendant did not conduct a regular maintenance cleaning or water blasting of its premises to ensure that the walkway to the entrance had a safe walking surface.

    c. Defendant knew or in the exercise of reasonable care should have known that the walkway to the entrance had algae and presented an unreasonably slippery walking surface for patrons.

    d. Defendant did not put any caution signs at or near the area where algae was present on the walkway and where Mrs. Gabrillo fell to warn patrons of the slippery condition of the walkway.

    e. Defendant did not cordon off the area with a barricade to prevent invitees from walking onto the area where algae

was present in the walkway of its premises and which is right at the ingress and egress of the waterpark.

9. Defendant Onward knew, or in the exercise of reasonable care should have known, of the conditions described above.

10. As a direct and proximate result of the negligence of defendant Onward as described above, at the time and place set forth above plaintiff Dolores Gabrillo slipped and fell and was seriously injured.

**FIRST CLAIM - PERSONAL INJURY OF DOLORES GABRILLO**

11. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 10 of the Complaint herein.

12. As a direct and proximate result of the negligence of defendant Onward, plaintiff Dolores Gabrillo suffered damages for her injuries including, but not limited to, fractured ribs, which has caused and will continue to cause severe pain and suffering, mental anxiety, inconvenience, physical impairment and loss of enjoyment of life.

13. As a further direct and proximate result of the negligence of defendant Onward, plaintiff Dolores Gabrillo has incurred and will

continue to incur medical and incidental expenses in an amount to be proven at trial.

14. As a further direct and proximate result of the negligence of defendant Onward, plaintiff Dolores Gabrillo has suffered and will continue to suffer replacement services loss.

15. As a further direct and proximate result of the negligence of defendant Onward, plaintiff Dolores Gabrillo has lost income and has permanently lost her capacity to earn income in an amount to be proven at trial.

**SECOND CLAIM - LOSS OF CONSORTIUM OF RUDOLFO GABRILLO**

16. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 10 and 12 through 15 of the complaint herein.

17. As a direct and proximate result of the negligence of defendant Onward and the resulting injuries to plaintiff Dolores Gabrillo, plaintiff Rudolfo Gabrillo has been deprived and will continue to be deprived of the society, companionship, consortium and services usually provided by a spouse in good health and of unimpaired vigor and strength.

/ /

COMPLAINT
Gabrillo v. Onward Beach Resort Guam, Inc. et. al.
Page 6

### THIRD CLAIM - DEFENDANT TOKIO MARINE

18. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 10, 12 through 15 and 17 of the Complaint herein.

19. At all relevant times herein, defendant Onward was insured by a liability insurance policy issued by defendant Tokio Marine covering liability for claims such as those set forth above. Said insurance policy was in full force and effect at all relevant times herein.

20. Pursuant to the coverage contained in said insurance policy, and pursuant to 22 GCA §18305, plaintiffs are entitled to maintain a direct action against defendant Tokio Marine upon the terms and limits of the policy and, accordingly, plaintiffs are entitled to recover against Tokio Marine in an amount equal to any judgment recovered against defendant Onward up to applicable policy limits.

**WHEREFORE,** plaintiffs pray for relief as follows:

1. General damages of $2,000,000.00 for the personal injury of plaintiff Dolores Gabrillo;

2. Damages for past, present and future medical care of plaintiff Dolores Gabrillo in an amount to be proven at trial;

COMPLAINT
Gabrillo v. Onward Beach Resort Guam, Inc. et. al.
Page 7

    3.    For lost income and lost income capacity of plaintiff Dolores Gabrillo in an amount to be proven at trial;

    4.    For loss of consortium of plaintiff Rudolfo Gabrillo in an amount to be proven at trial;

    5.    Costs of suit; and

    6.    Such other relief as the Court may deem just and proper.

**LAW OFFICE OF ROBERT L. KEOGH**
Attorneys for Plaintiffs

DATE: 3/13/12         BY: /s/ ROBERT L. KEOGH